**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JOSHUA DAVID,

    Plaintiff,

v.

                                                    CASE NO.:

CAPITAL ONE FINANCIAL CORPORATION
and CAPIO PARTNERS, LLC,

    Defendant.

_____/

## COMPLAINT

1. Unwanted "Robocalls" are the #1 consumer complaint in America today.

2. The people complaining about harassing robocalls is increasing at an alarming rate. In 2014, 1,949,603 complained to the Federal Trade Commission (FTC) and Federal Communications Commission (FCC), in 2015 this number was 2,636,477 and in 2016 it was 3,857,627. In 2017, between January and August the FTC alone has received more than 3,500,000 robocall complaints.[1]

3. Defendant, Capital One Financial Corporation ("Capital One"), robocalled the Plaintiff at least 12 times.

4. Capital One has a corporate policy to robocall consumers repeatedly.

5. Defenadant, Capio Partners, LLC ("Capio Partners") robocalled the Plaintiff at least 12 times.

6. Capio Partners has a corporate policy to robocall consumers repeatedly.

---

[1] It is important to recognize these merely reflect the number of individuals that complained to these agencies; the number of people that have been victimized by illegal robocalling abuse could be close to 100,000,000 in the last 3 years.

7. "Senator Hollings, the TCPA's sponsor, described these calls as 'the scourge of modern civilization. They wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.' 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank*, F.S.B., 746 F. 3d 1242, 1256 (11th Cir. 2014). Despite the penalties put in place over 26 years ago, robocall abuse continues to skyrocket.

8. Plaintiff, Joshua David, alleges Defendant, Capital One, robocalled him more than 12 times in stark violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* ("FCCPA").

9. Plaintiff, Joshua David, alleges Defendant, Capio Partners, robocalled him more than 12 times in stark violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq.* ("FCCPA")

10. Robocalls are very inexpensive to make. As was noted in a Senate hearing on the subject: "With such a cheap and scalable business model, bad actors can blast literally tens of millions of illegal robocalls over the course of a single day at less than 1 cent per minute." Stopping Fraudulent Robocall Scams: Can More Be Done?: Hearing Before the Subcomm. on Consumer Prot., Prod. Safety, and Ins. of the S. Comm. on Commerce, Sci., and Transp., 113 Cong. 113-117 (2013) (statement of Lois Greisman, Assoc. Director, Division of Marketing Practices, Bureau of Consumer Protection, Federal Trade Commission).

11. The TCPA was enacted to prevent companies like the Defendants from invading American citizens' privacy and prevent illegal robocalls.

12. Congress enacted the TCPA to prevent real harm. Congress found that "automated or pre-recorded calls are a nuisance and an invasion of privacy, regardless of the type of call" and decided that "banning" such calls made without consent was "the only effective means of protecting telephone consumers from this nuisance and privacy invasion." Pub. L. No. 102-243, §§ 2(10-13) (Dec. 20, 1991), codified at 47 U.S.C. § 227; see also *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012) ("The Act bans certain practices invasive of privacy").

13. According to findings by the FCC—the agency Congress vested with authority to issue regulations implementing the TCPA—such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

## JURISDICTION AND VENUE

14. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. §1331.

15. Violations alleged in the Complaint occurred in Tampa, Florida.

## GENERAL FACTUAL ALLEGATIONS

16. At all times material hereto the Plaintiff has resided in Tampa, Florida.

17. Plaintiff is a "consumer" as defined in Florida Statute § 559.55(8) 15 U.S.C. § 1692(a)(3).

18. Plaintiff is an "alleged debtor."

19. Plaintiff is the "called party." See Breslow v. Wells Fargo Bank, N.A., 755 F. 3d 1265 (11th Cir. 2014); Osorio v. State Farm Bank, F.S.B., 746 F. 3d 1242 (11th Cir. 2014).

20. Defendant, Capital One, is a corporation and conducts business in the State of Florida.

21. Defendant, Capio Partners, is a Limited Liability company that conducts business in the state of Florida.

22. Defendants are "debt collectors" as defined by Florida Statute § 559.55(7) and 15 U.S.C. § 1692(a)(6).

23. The debt(s) that is the subject matter of this Complaint are "consumer debt(s)" as defined by Florida Statute § 559.55(6) and 15 U.S.C. § 1692(a)(5).

24. Plaintiff is the regular user and carrier of the cellular telephone number at issue, (704) 998-7609.

25. Plaintiff was the "called party" during each phone call subject to this lawsuit.

26. Defendants intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day, and on back to back days, with such frequency as can reasonably be expected to harass.

27. Defendants did not have the Plaintiff's "express consent" to call him on his cell phone.

28. "Express consent" is narrowly construed by the courts.

29. It is Defendants" burden to prove they had "express consent" per the TCPA to call the Plaintiff on his cell phone using an "automatic telephone dialing system" (ATDS).

30. It is Defendants' burden to prove they had "express consent" per the TCPA to call the Plaintiff on his cell phone using an ATDS for each account they were calling on.

31. Plaintiff put Defendants on notice he did not want them contacting him.

32. Plaintiff repeatedly told Defendants to stop calling him.[2]

33. Defendants did not have the Plaintiff's express consent of the Plaintiff to call him on the account(s) they were calling him on.

34. Plaintiff unequivically revoked any express consent Defendants may have mistakenly believed they had for placement of telephone calls to Plaintiff's aforementioned cellular telephone number by the use of an ATDS or a pre-recorded or artificial voice.

## CALL RELATED FACTUAL ALLEGATIONS – CAPITAL ONE

35. Plaintiff incporporates Paragraphs one (1) through four (4), seven (7) through (8), ten (10) through twenty (20) and twenty-two (22) through thirty-four (34) above as if set forther fully herein and further alleges:

36. Capital One attempted to collect a debt from the Plaintiff by this campaign of telephone calls.

37. Capital One made at least one call to (704) 998-7609.

38. Capital One made at least one call to (704) 998-7609 using an ATDS.

39. Capital One made at least ten (10) calls to (704) 998-7609.

40. Capital One made at least ten (10) calls to (704) 998-7609 using an ATDS.

41. Capital One made at least one hundred (100) calls to (704) 998-7609.

42. Capital One made at least one hundred (100) calls to (704) 998-7609 using an ATDS.

---

[2] Defendants should have the call logs showing the exact number of calls and the recordings which should illustrate exactly what was said to each of them.

43. Plaintiff repeatedly asked Capital One to stop calling his cell phone, however, it continued to make calls.

44. Capital One has admitted to calling cell phones using an ATDS after that person asked for the calls to stop.

45. Plaintiff's conversations with the Capital One putting it on notice that he did not want more phone calls were ignored.

46. Capital One has recorded at least one conversation with the Plaintiff.

47. Capital One has recorded numerous conversations with the Plaintiff.

48. Capital One has made approximately twelve (12) calls to Plaintiff's aforementioned cellular telephone number since in or about March of 2017, which will be established exactly once Capital One turns over its dialer records.

49. Despite actual knowledge of its wrongdoing Capital One continued the campaign of abusive robocalls.

50. Capital One has been sued in federal court where the allegations include: calling an individual using an ATDS after the individual asked for the calls to stop.

51. By effectuating these unlawful phone calls, Capital One has caused Plaintiff the very harm that Congress sought to prevent—namely, a "nuisance and invasion of privacy."

52. Capital One's aggravating and annoying phone calls trespassed upon and interfered with Plaintiff's rights and interests in his cellular telephone and cellular telephone line, by intruding upon his seclusion.

53. Capital One's phone calls harmed Plaintiff by wasting his time.

54. Moreover, "wireless customers [like Plaintiff] are charged for incoming calls whether they pay in advance or after the minutes are used." In re: Rules Implementing the TCPA

of 1991, 23 FCC Rcd 559, 562 (2007). Defendant's phone calls harmed Plaintiff by depleting the battery life on his cellular telephone, and by using minutes allocated to Plaintiff by his cellular telephone service provider.

55. Capital One's corporate policies and procedures are structured as to continue to call individuals like the Plaintiff, despite these individuals revoking any consent Capital One may have mistakenly believed it had.

56. Capital One's corporate policies and procedures provided no means for the Plaintiff to have his aforementioned cellular number removed from the call list.

57. Capital One has a corporate policy of using an ATDS or a prerecorded or artificial voice message to collect debts from individuals such as Plaintiff for its financial benefit.

58. Plaintiff expressly revoked any consent Capital One may have mistakenly believed it had for placement of telephone calls to Plaintiff's aforementioned cellular telephone by the use of an ATDS or a pre-recorded or artificial voice immediately upon Capital One's placement of the calls. Making money while breaking the law is considered an incentive to continue violating the TCPA and other state and federal statutes.

59. Capital One never had the Plaintiff's expressed consent for placement of telephone calls to his aforementioned cellular telephone by the use of an ATDS or a pre-recorded or artificial voice.

60. None of Capital One's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

61. Capital One violated the TCPA, FDCPA and FCCPA with respect to the Plaintiff.

62. Capital One willfully or knowingly violated the TCPA with respect to the Plaintiff.

## COUNT I
### (Violation of the TCPA – Capital One)

63. Plaintiff incorporates Paragraphs one (1) through four (4), seven (7) through (8), ten (10) through twenty (20), twenty-two (22) through thirty-four (34) and thirty-six (36) through sixty-two (62) above as if set forth fully herein and further alleges:

64. Capital One willfully violated the TCPA with respect to the Plaintiff each time it called the Plaintiff after he revoked his consent to be called by it using an ATDS or pre-recorded voice.

65. Capital One knowingly violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialed calls made to Plaintiff's cellular telephone after Plaintiff revoked his consent to be called by it using an ATDS or pre-recorded voice.

66. Capital One repeatedly placed non-emergency telephone calls to the wireless telephone number of Plaintiff using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

67. As a result of Capital One's illegal conduct, Plaintiff suffered actual damages and, under § 227(b)(3)(B), is entitled to, inter alia, a minimum of $500.00 in damages for each such violation of the TCPA.

68. Plaintiff is also entitled to, and does, seek injunctive relief prohibiting Capital One from violating the TCPA in the future.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, Capital One, for statutory damages, punitive damages, actual damages and any other such relief the Court deems just and proper.

## COUNT II
**(Violation of the FDCPA – Capital One )**

69. Plaintiff incorporates Paragraphs one (1) through four (4), seven (7) through (8), ten (10) through twenty (20), twenty-two (22) through thirty-four (34) and thirty-six (36) through sixty-two (62) above as if set forth fully herein and further alleges:

70. At all times relevant to this action Capital One is subject to and must abide by 15 U.S.C. § 1692 *et seq.*

71. Capital One engaged in an act or omission prohibited under 15 U.S.C. § 1692(d) by willfully engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

72. Capital One engaged in an act or omission prohibited under 15 U.S.C. § 1692(d)(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

73. Capital One engaged in an act or omission prohibited under 15 U.S.C. § 1692(f) by using unfair and unconscionable means to collect or attempt to collect any debt.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and demands judgment against Defendant, Capital One, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees and any other such relief the Court deems just and proper.

## COUNT III
**(Violation of the FCCPA – Capital One)**

74. Plaintiff incorporates Paragraphs one (1) through four (4), seven (7) through (8), ten (10) through twenty (20), twenty-two (22) through thirty-four (34) and thirty-six (36) through sixty-two (62) above as if set forth fully herein and further alleges:

75. At all times relevant to this action Capital One is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

76. Capital One has violated Florida Statute § 559.72(7) by willfully communicating with the debtor or any member of his family with such frequency as can reasonably be expected to harass the debtor or his family.

77. Capital One has violated Florida Statute § 559.72(7) by willfully communicating with the debtor or any member of her family with such frequency even after Plaintiff told to Capital One to stop calling him.  This frequency can reasonably be expected to harass the debtor or his family.

78. Capital One has violated Florida Statute § 559.72(9) by attempting to enforce a debt when Capital One knows that the debt is not legitimate or assert the existence of some legal right when Capital One knows that right does not exist.

79. Capital One's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, Capital One, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder of future illegal conduct, and any other such relief the court may deem just and proper.

## CALL RELATED FACTUAL ALLEGATIONS – CAPIO PARTNERS

80. Plaintiff incporporates Paragraphs one (1) through two (2), five (5) through seven (7) through (8), ten (10) through twenty (20) and twenty-two (22) through thirty-four (34) above as if set forther fully herein and further alleges:

81. Capio Partners attempted to collect a debt from the Plaintiff by this campaign of telephone calls.

82. Capio Partners made at least one call to (704) 998-7609.

83. Capio Partners made at least one call to (704) 998-7609 using an ATDS.

84. Capio Partners made at least ten (10) calls to (704) 998-7609.

85. Capio Partners made at least ten (10) calls to (704) 998-7609 using an ATDS.

86. Capio Partners e made at least one hundred (100) calls to (704) 998-7609.

87. Capio Partners made at least one hundred (100) calls to (704) 998-7609 using an ATDS.

88. Plaintiff repeatedly asked Capio Partners to stop calling his cell phone, however, it continued to make calls.

89. Capio Partners has admitted to calling cell phones using an ATDS after that person asked for the calls to stop.

90. Plaintiff's conversations with the Capio Partners putting it on notice that he did not want more phone calls were ignored.

91. Capio Partners has recorded at least one conversation with the Plaintiff.

92. Capio Partners has recorded numerous conversations with the Plaintiff.

93. Capio Partners has made approximately twelve (12) calls to Plaintiff's aforementioned cellular telephone number since in or about March of 2017, which will be established exactly once Capio Partners turns over its dialer records.

94. Despite actual knowledge of its wrongdoing Capio Partners continued the campaign of abusive robocalls.

95. Capio Partners has been sued in federal court where the allegations include: calling an individual using an ATDS after the individual asked for the calls to stop.

96. By effectuating these unlawful phone calls, Capio Partners has caused Plaintiff the very harm that Congress sought to prevent—namely, a "nuisance and invasion of privacy."

97. Capio Partners' aggravating and annoying phone calls trespassed upon and interfered with Plaintiff's rights and interests in his cellular telephone and cellular telephone line, by intruding upon his seclusion.

98. Capio Partners' phone calls harmed Plaintiff by wasting his time.

99. Moreover, "wireless customers [like Plaintiff] are charged for incoming calls whether they pay in advance or after the minutes are used." In re: Rules Implementing the TCPA of 1991, 23 FCC Rcd 559, 562 (2007). Defendant's phone calls harmed Plaintiff by depleting the battery life on his cellular telephone, and by using minutes allocated to Plaintiff by his cellular telephone service provider.

100. Capio Partners' corporate policies and procedures are structured as to continue to call individuals like the Plaintiff, despite these individuals revoking any consent Capio Partners may have mistakenly believed it had.

101. Capio Partners, corporate policies and procedures provided no means for the Plaintiff to have his aforementioned cellular number removed from the call list.

102. Capio Partners has a corporate policy of using an ATDS or a prerecorded or artificial voice message to collect debts from individuals such as Plaintiff for its financial benefit.

103. Plaintiff expressly revoked any consent Capio Partners may have mistakenly believed it had for placement of telephone calls to Plaintiff's aforementioned cellular telephone by the use of an ATDS or a pre-recorded or artificial voice immediately upon Capio Partners'

placement of the calls. Making money while breaking the law is considered an incentive to continue violating the TCPA and other state and federal statutes.

104. Capio Partners never had the Plaintiff's expressed consent for placement of telephone calls to his aforementioned cellular telephone by the use of an ATDS or a pre-recorded or artificial voice.

105. None of Capio Partners' telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C. §227(b)(1)(A).

106. Capio Partners violated the TCPA, FDCPA and FCCPA with respect to the Plaintiff.

107. Capio Partners willfully or knowingly violated the TCPA with respect to the Plaintiff.

## COUNT IV
### (Violation of the TCPA – Capio Partners)

108. Plaintiff incorporates Paragraphs one (1) through four (4), seven (7) through (8), ten (10) through twenty (20), twenty-two (22) through thirty-four (34) and thirty-six (36) through sixty-two (62) above as if set forth fully herein and further alleges:

109. Capio Partners willfully violated the TCPA with respect to the Plaintiff each time it called the Plaintiff after he revoked his consent to be called by it using an ATDS or pre-recorded voice.

110. Capio Partners knowingly violated the TCPA with respect to the Plaintiff, especially for each of the auto-dialed calls made to Plaintiff's cellular telephone after Plaintiff revoked his consent to be called by it using an ATDS or pre-recorded voice.

111. Capio Partners repeatedly placed non-emergency telephone calls to the wireless telephone number of Plaintiff using an automatic telephone dialing system or prerecorded or

artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

112. As a result of Capio Partners' illegal conduct, Plaintiff suffered actual damages and, under § 227(b)(3)(B), is entitled to, inter alia, a minimum of $500.00 in damages for each such violation of the TCPA.

113. Plaintiff is also entitled to, and does, seek injunctive relief prohibiting Capio Partners from violating the TCPA in the future.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, Capio Partners, for statutory damages, punitive damages, actual damages and any other such relief the Court deems just and proper.

### COUNT V
### (Violation of the FDCPA – Capio Partners )

114. Plaintiff incorporates Paragraphs one (1) through four (4), seven (7) through (8), ten (10) through twenty (20), twenty-two (22) through thirty-four (34) and thirty-six (36) through sixty-two (62) above as if set forth fully herein and further alleges:

115. At all times relevant to this action Capital One is subject to and must abide by 15 U.S.C. § 1692 *et seq.*

116. Capital One engaged in an act or omission prohibited under 15 U.S.C. § 1692(d) by willfully engaging in conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, Capio Partners, for statutory damages, punitive damages, actual damages and any other such relief the Court deems just and proper.

## COUNT VI
### (Violation of the FDCPA – Capio Partners )

117. Plaintiff incorporates Paragraphs one (1) through four (4), seven (7) through (8), ten (10) through twenty (20), twenty-two (22) through thirty-four (34) and thirty-six (36) through sixty-two (62) above as if set forth fully herein and further alleges:

118. At all times relevant to this action Capio Partners is subject to and must abide by the law of Florida, including Florida Statute § 559.72.

118. Capio Partners has violated Florida Statute § 559.72(7) by willfully communicating with the debtor or any member of his family with such frequency as can reasonably be expected to harass the debtor or his family.

119. Capio Partners has violated Florida Statute § 559.72(7) by willfully communicating with the debtor or any member of her family with such frequency even after Plaintiff told to Capital One to stop calling him. This frequency can reasonably be expected to harass the debtor or his family.

120. Capio Partners has violated Florida Statute § 559.72(9) by attempting to enforce a debt when Capio Partners knows that the debt is not legitimate or assert the existence of some legal right when Capio Partners knows that right does not exist.

121. Capio Partners' actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute §559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, Capio Partners, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder of future illegal conduct, and any other such relief the Court deems just and proper.

Respectfully submitted,

s/ William B. Bowles, Jr.
William B. Bowles, Jr., Esquire
Florida Bar No.: 01229980
The Consumer Protection Firm
4030 S. Henderson Boulevard
Tampa, FL 33629
Telephone: (813) 500-1500
Facsimile: (813) 435-2369
Billy@TheConsumerProtectionFirm.com
BillBowles@TheConsumerProtectionFirm.com
*Attorney for Plaintiff*